**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEENA R. DAVIS

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social
Security Administration

        Defendant-Appellee.

No.   17-35195

D.C. No. 2:16-cv-00474-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 7, 2018[**]
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and HUCK,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Plaintiff-Appellant, Deena R. Davis applied for Social Security Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The Acting Commissioner of Social Security (the "Commissioner") denied Davis's applications after a hearing before an Administrative Law Judge ("ALJ").

The ALJ found Davis to be disabled when considering all of her impairments, including her substance use disorder. However, the ALJ determined that Davis's limitations would not be disabling if she stopped using substances, and therefore, pursuant to Social Security Regulations, that her substance use disorder was a contributing factor material to the determination of disability and, thus, that a final determination of "no disability" was warranted. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. The District Court entered an Order affirming the Commissioner's final decision, and Davis appealed.

On appeal, Davis objects to the ALJ's disability determination. Specifically, Davis argues the ALJ erred in assessing the medical evidence, Davis's testimony, and the lay witness report of her roommate, Carl Johnson. Finally, Davis argues new evidence submitted to the Appeals Council shows that the ALJ's decision is not supported by substantial evidence and was based on legal error.

We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

1.    Substantial evidence supports the ALJ's interpretation of the medical record. *See Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982) ("The ALJ's findings are conclusive if supported by substantial evidence."). First, the ALJ presented clear and convincing reasons supported by substantial evidence for assigning "less weight" to the opinion of examining psychologist, Dr. David Moore, when considering Davis's condition in the absence of substance use. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence."). Namely, Dr. Moore, who opined that Davis "does not have the emotional stability to maintain gainful employment in either solitary or interpersonal settings at this point," evaluated Davis "at a time in which [Davis] was using or had recently" used drugs and linked his opinion to Davis's substance use.

Though one rational interpretation of Dr. Moore's records may lead to an unlimited application of his opinion, another rational interpretation adjudges Dr. Moore's opinion as solely probative of Davis's condition in the presence of substance use. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the

3

evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Next, contrary to Davis's arguments, the ALJ did not give excessive weight to the opinions of State agency reviewing physicians. Regarding the opinions of the State agency's reviewing medical consultants, Robert Hander, M.D., and Charles Wolfe, M.D., the Court notes that greater limitations were imposed in the ALJ's residual functional capacity than were reflected in the opinions of Drs. Hander and Wolfe. Next, regarding the opinions of State agency reviewing consultants, Matthew Comrie, Psy.D., and Christmas Covell, Ph.D., their opinions are supported by the clinical record outlined by the ALJ. *See* SSR 96-6p (providing that the opinions of State agency medical and psychological consultants can be accorded weight if they are supported by the case record, "including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency").

Finally, the ALJ extensively summarized the medical evidence supporting her determination that in the absence of substance use, Davis would not be disabled. Examining the record as a whole, the ALJ's interpretation of the medical record is supported by substantial evidence.

2. The ALJ offered specific, clear, and convincing reasons for finding that Davis's statements concerning the intensity, persistence, and limiting effects of her symptoms lacked credibility. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) ("If . . . there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so."). First, the ALJ noted Dr. Moore's diagnosis of Davis as malingering, which is probative of Davis's reliability as an accurate reporter of her condition, and which Davis concedes falls within the scope of what an ALJ may properly consider. Furthermore, the ALJ summarized additional record evidence of dishonesty that serve as "serious credibility indicators." *See, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("[A]n ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony.").

Next, the ALJ extensively developed the clinical evidence of record inconsistent with the alleged severity of Davis's ailments. While subjective symptom testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, such evidence is still a relevant factor in determining the credibility of a claimant's reporting of the severity of her symptoms and their disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20

5

C.F.R. § 404.1529(c)(2)); *see also Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Though Davis may disagree with the ALJ's interpretation of the record, the latter's interpretation is supported by substantial evidence, which precludes the Court from engaging in second-guessing. *Thomas*, 278 F.3d at 959; *see also Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ also discounted Davis's testimony because it was inconsistent with her daily activities. Though the ALJ may have overstated the disparity between Davis's daily activities and her testimony, specifically as it relates to her testimony regarding physical symptoms, such error, if any, was harmless in light of the aforementioned evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (explaining that the invalidity of one or more of an ALJ's reasons for an adverse credibility finding is harmless error "[s]o long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion.'" (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004))).

3.    The ALJ also did not err in according no weight to the report of Davis's roommate, Carl Johnson.  If an ALJ wishes to discount a lay witness's testimony, she must give reasons germane to that witness for doing so.  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  The ALJ gave two such reasons.  First, Johnson did not specify whether he observed Davis's behavior while she was abusing substances, which is important due to the ALJ's task of determining Davis's residual functional capacity in the absence of substance use.  In fact, Davis tested positive for opiates in April 2012, the same month as Johnson's Report.  Second, Johnson's statements covered the same grounds as those of Davis.  Thus, the ALJ's clear and convincing reasons for limiting the weight of Davis's testimony were germane to disregard Johnson's statements.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

4.    Lastly, regarding the 17 pages of documents the Appeals Council made part of the record subsequent to the ALJ's decision, though these documents show limiting impairments experienced by Davis, they do not do so to the extent requiring remand or requiring overturning the ALJ's decision.[1]

The judgment of the district court is **AFFIRMED**.

---

[1] In fact, some of this evidence supports the ALJ's decision.  For example, September 2014 medical records included in these documents indicate that Davis's "[l]umbar MRI [was] without large abnormalities," arthritic abnormalities were not severe, and "no severe findings [were] present."